Elizabeth CHEIKER, a/k/a Elizabeth Rebeaud, Plaintiff-Appellant,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant-Appellee.

No. 86–6499.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1987.

Decided June 24, 1987.

Samuel N. Rubino, Los Angeles, Cal., for plaintiff-appellant.

James S. Cline and Philip G. Grant, Los Angeles, Cal., for defendant-appellee.

Before ANDERSON, SKOPIL and REINHARDT, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Elizabeth Cheiker appeals from the district court's grant of summary judgment in favor of Prudential Insurance Company ("Prudential"). We affirm.

**FACTS**

On September 1, 1981, appellant Cheiker and her father applied for an "Estate Co-Life" insurance policy with Prudential. A written Joint Co-Life policy ("the Policy") was issued on October 1, 1981 for $50,-000.00 on the lives of appellant and her father. Appellant's father died on January 13, 1982, leaving appellant as the sole beneficiary under the Policy. Appellant made a claim to Prudential for the benefits of the Policy.

Because of the proximity of the date of death to the contract date and in accordance with Prudential's usual procedure, Prudential conducted an investigation to confirm the information given it at the time of the application and to ascertain the circumstances of the death. Prior to completion of the claim, Prudential received a formal written demand and adverse claim for the proceeds of the Policy. Prudential then sent appellant a letter in which it informed her that the benefits had been approved, but that it was unable to disburse the benefits because of the adverse claim for the proceeds. Because of the adverse claim, Prudential referred the matter to its Law Department.

On June 21, 1982, Prudential was served with a copy of the Summons and First Amended Complaint in a lawsuit naming Prudential and appellant as defendants and alleging a constructive trust against Prudential with regard to the proceeds of the Policy. The lawsuit was titled *Asuncion R. Gomez, et al. v. Edward A. Rebeaud, et al.* ("the state court action").

On July 23, 1982, Prudential filed a verified Cross-Complaint in Interpleader ("the Interpleader") in the state court action naming appellant and each of the plaintiffs in the state court action as cross-defendants. Prudential also deposited the disputed proceeds, plus interest, with the state court at the time it filed its Interpleader. In its Interpleader, Prudential alleged that it was "unable to determine, with safety to itself and in the absence of possible exposure to double or multiple liability, the proper payment of the insurance proceeds in question." Exerpt of Record ("ER") p. 71.

Appellant answered Prudential's Interpleader on August 23, 1985, more than three years after the Interpleader was filed. In her answer, appellant alleged two affirmative defenses: first, that she was "the only rightful beneficiary to the life insurance proceeds," and that "all other claimants to the proceeds ... do not have

valid claims as against the proceeds," and second, that Prudential allegedly had "negligently, willfully and wrongfully interple[d] the life insurance proceeds of the insurance policy...." ER 10, pp. 76–77.

Prudential filed a motion to be dismissed from the Interpleader on August 27, 1985. Appellant filed an opposition to Prudential's motion on September 11, 1985, in which she opposed only Prudential's request for attorney's fees and costs. The hearing on Prudential's motion was held on September 18, 1985. The court granted the motion as to discharge and dismissal and scheduled a second hearing on the request for fees and costs. The court's Minute Order was entered on September 18, 1985. On November 7, 1985, the court granted Prudential's request for fees and costs; the Minute Order was entered on that same date.

On January 13, 1986, the plaintiffs in the state court action filed a Stipulation and Order Re Release of Interpled Funds. The stipulation was part of a settlement reached between the plaintiffs and defendants, including appellant Cheiker, in the state court action. Pursuant to the stipulation, the court disbursed the entire amount of the interpled funds, $52,190.65, to appellant.

On February 3, 1986, appellant filed her first amended complaint in the instant action, alleging various contract and tort causes of action against Prudential based on the contention that Prudential wrongfully interpled the disputed proceeds of the Policy rather than paying them to her. The case was removed to district court and on September 15, 1986, the district court granted Prudential's motion for summary judgment holding that each of appellant's causes of action was barred by the final judgment in the state court action. Appellant timely appealed.

## STANDARD OF REVIEW

A grant of summary judgment is reviewed *de novo*. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Ashton v. Cory*, 780 F.2d 816, 818 (9th Cir.1986). In reviewing decisions of the district court, the appellate court may affirm on any ground finding support in the record. *Smith v. Block*, 784 F.2d 993, 996 n. 4 (9th Cir.1986).

## DISCUSSION

We view California's compulsory cross-complaint statute as applying to the interpleader action. Accordingly, we hold that appellant's federal claims are barred because they should have been raised in that action.

California's interpleader statute reads in pertinent part as follows:

(b) ... When the person, firm, corporation, association or other entity against whom such [double or multiple] claims are made ... is a defendant in an action brought upon one or more of such claims, it may either file a verified cross-complaint in interpleader, admitting that it has no interest in the money or property claimed, ... and apply to the court upon notice to such parties for an order to deliver such money or property ... to such person as the court shall direct....

Cal.Civ.Proc.Code § 386(b) (West 1987). Prudential, being faced with the possibility of double liability for the claimed proceeds, followed the procedure set forth above. Prudential deposited the proceeds plus interest with the court and was subsequently released from the state court action.

According to California's cross-complaint statute, when Prudential filed its verified cross-complaint, appellant was obligated to plead any related causes of action:

(a) Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which ... he has against the plaintiff, such party may not thereafter in any

other action assert against the plaintiff the related cause of action not pleaded. Cal.Civ.Proc.Code § 426.30 (West 1973).

A "related cause of action" is defined as a "cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." Cal.Civ.Proc.Code § 426.10 (West 1973). In *Saunders v. New Capital for Small Businesses, Inc.*, 231 Cal.App.2d 324, 41 Cal.Rptr. 703 (1964), the court stated:

> It appears to us, therefore, that in the light of the decisions construing it, the term "transaction" found in section 439 [now superceded by §§ 426.10 and 426.-30–436.60] is not confined to a single, isolated act or occurrence ... but may embrace a series of acts or occurrences logically interrelated.... It is noteworthy that this interpretation of the term parallels the interpretation of the same term found in the comparable Federal Rules of Civil Procedure on compulsory counter-claims. It is significant, we think, that in each instance the critical term has been construed so as to effectuate the purpose of avoiding multiplicity of actions.

*Id.* at 336 (citations and footnotes omitted).

There is no doubt that appellant's federal causes of action arose out of the same transaction or series of transactions as the interpleader action. The gravamen of the federal complaint is that Prudential wrongfully retained the proceeds since, as beneficiary to the Policy, appellant had a right to receive the proceeds from that Policy. That and any other related issue should have been pleaded in the form of a complaint against Prudential in the Interpleader action. Cal.Civ.Proc.Code § 426.30. Although appellant, in her answer to the Interpleader complaint, asserted as an affirmative defense that Prudential had negligently, willfully and wrongfully interpled the life insurance proceeds, she did not file a cross-complaint against Prudential as required by § 426.30. Because § 426.30 requires that all related causes of action be brought in the form of a cross-complaint and since appellant's causes of action here are related to the Interpleader action, we hold that appellant cannot now litigate those related causes of action. Otherwise, piecemeal litigation will occur and defeat the purpose of the compulsory cross-claim statute. *See Saunders*, 231 Cal.App.2d at 336, 41 Cal.Rptr. 703.

Appellant contends that the compulsory cross-claim statute was not intended to apply in interpleader actions. We disagree. Section 426.30 has two exceptions:

> (b) This section does not apply if either of the following are established: (1) The court in which the action is pending does not have jurisdiction to render a personal judgment against the person who failed to plead the related cause of action. (2) The person who failed to plead the related cause of action did not file an answer to the complaint against him.

Cal.Civ.Proc.Code § 426.30. Neither exception applies here. In addition, under the well-known maxim *expressio unius est exclusis alterius*, the expression of one thing is the exclusion of another. 2A N. Singer, *Sutherland Stat. Const.* § 47.23 (4th ed. 1984). Since the compulsory cross-claim statute specifically states when it is not to be applied and interpleader cases are not within the two exceptions, California's cross-complaint statute applies to interpleader actions. Appellant, therefore, should have raised the related causes of actions against Prudential in the Interpleader action.

AFFIRMED.