[No. B119152. Second Dist., Div. Five. Nov. 12, 1998.]

JEREMIAH MITCHELL MARTELL, a Minor, etc., et al., Plaintiffs and Appellants, v.
ANTELOPE VALLEY HOSPITAL MEDICAL CENTER, Defendant and Respondent.

**COUNSEL**

Berglund & Johnson and Harrison W. Sommer for Plaintiffs and Appellants.

Lee A. McCoy and Thomas M. Stefanelli for Defendant and Respondent.

**OPINION**

**GODOY PEREZ, J.**—Jeremiah Mitchell Martell, a minor, his mother Tammy Martell, for herself and as guardian ad litem for Jeremiah, and Jeremiah's father, David Martell (collectively appellants), appeal from the summary judgment dismissing as time-barred their medical malpractice complaint against respondent Antelope Valley Hospital Medical Center. After review, we affirm.

## Procedural and Factual Background

Jeremiah Mitchell Martell was born in February 1989 at respondent Antelope Valley Hospital Medical Center, a district hospital covered by the California Tort Claims Act (Gov. Code, § 900 et seq. (hereafter the Act)). Because of respondent's alleged negligence, Jeremiah suffered injuries during birth. In August 1989, he presented respondent with a timely claim for medical malpractice in compliance with the Act,[1] which respondent rejected in October 1989. In February 1990 Jeremiah and his parents filed a timely complaint against respondent for medical malpractice and negligent infliction of emotional distress. In May 1992, they dismissed their complaint without prejudice, however, apparently because Jeremiah's young age prevented the extent of his injuries from being fully known.

Almost five years later in February 1997, appellants filed a second complaint almost indistinguishable from the first. Respondent moved for summary judgment, arguing the new complaint was time-barred because of appellant's failure to comply with the Act's six-month filing requirement. (§ 945.6 [complaint must be filed within six months of rejection of claim].) Respondent conceded that had it been a private hospital not covered by the Act, the renewed complaint would have been timely under the statute of limitations ordinarily applicable to a minor's claim for medical malpractice, which required appellants to file their complaint before Jeremiah's eighth birthday. (See Code Civ. Proc., § 340.5.) Respondent argued that in this instance, however, the second complaint was untimely because it was filed more than six months after respondent's October 1989 rejection of appellants' initial claim for malpractice. In support, respondent cited section 945.6, subdivision (a)(1) of the Act, which provides "any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with [the Act] must be commenced . . . [¶] . . . not later than six months after [statutory written notice of rejection of the claim] is personally delivered or deposited in the mail." The trial court agreed and dismissed the complaint. This appeal followed.

## Standard of Review

■ This appeal is from a summary judgment in which all relevant facts are undisputed. Accordingly, we independently review the trial court's judgment. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 60 [65 Cal.Rptr.2d

---

[1]Section 911.2 of the Act provides, "A claim relating to a cause of action for death or for injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action. . . ." All further statutory references are to the Government Code unless otherwise indicated.

366, 939 P.2d 766] [summary judgment independently reviewed]; *Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960] [when relevant facts undisputed, appeal presents question of law subject to independent review].)

## DISCUSSION

■ Arguing once is enough, appellants contend they satisfied section 945.6 of the Act when they presented their initial claim in August 1989, releasing them from any obligation to present a second claim before they filed their second complaint.[2] In support, appellants cite the policies behind the Act. "The claims-presentation requirements . . . serve two basic purposes [citation]: [¶] 'First, they give the governmental entity an opportunity to settle just claims before suit is brought. Second, they permit the entity to make an early investigation of the facts on which a claim is based, thus enabling it to defend itself against unjust claims and to correct the conditions or practices which gave rise to the claim.' . . ." (Cal. Government Tort Liability Practice (Cont.Ed.Bar 3d ed. 1992) § 6.6, p. 635; see also *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 455 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].)

Respondent, in contrast, urges application of section 945.6's plain meaning, noting it declares "*any* suit brought against a public entity" must be filed no more than six months after the public entity rejects the claim. (Italics added.) Respondent argues that finding a second complaint was timely despite being filed many years later would carve out a huge exception to section 945.6's plain meaning, an exception unsupported by statutory or case law. (See *Edgington v. County of San Diego* (1981) 118 Cal.App.3d 39, 46 [173 Cal.Rptr. 225] ["plain meaning rule" applies to section 945.6 barring court from " 'go[ing] beyond [the statute] to find another meaning.' "].)

We hold that respondent has the better argument. "Suits against a public entity are governed by the specific statute of limitations provided in the Government Code, rather than the statute of limitations which applies to private defendants." (*Dominguez v. City of Alhambra* (1981) 118 Cal.App.3d 237, 244 [173 Cal.Rptr. 345].) As the Law Revision Commission explained when it proposed the Act's enactment, "In order to avoid *troublesome problems as to the interrelationship between the statutes of limitations and the claims statute, a special period of limitations applicable to actions based on*

---

[2]Appellants assert that, in fact, a second claim would have been futile because it would have been filed far too long after their causes of action accrued, and their first claim had already been rejected. (§ 911.2 [claim must be presented within six months of cause of action's accrual]; see also Civ. Code, § 3532 ["The law neither does nor requires idle acts."].)

*claims should also be provided.* This period should commence to run from the time the claim is acted upon or is deemed to have been rejected. In order to promote uniformity and avoid undue delay in a suit against a public entity, a relatively short period should be allowed for commencing suit regardless of the nature of the claim. The six-month period now provided in the State claims statute is recommended. *The general statutes of limitation would thus have no application to actions against public entities* upon causes of action for which claims are required to be filed." (4 Cal. Law Revision Com. Rep. (Jan. 1963) p. 1014, italics added; see also *id.* at p. 1043 [same].)

In the years following the Act's passage, courts have assiduously implemented the Law Revision Commission's recommendation. "With rare exceptions, courts have held that the six-month statute of limitations is inviolate: 'Where the notice of rejection complies with [the Act's requirements] the six-month statute of limitations *cannot be extended by provisions outside the Tort Claims Act.*' [Citation.]" (*Anson* v. *County of Merced* (1988) 202 Cal.App.3d 1195, 1200 [249 Cal.Rptr. 457], italics added.)[3] A number of decisions illustrate the extent to which the Act trumps other statutes. For example, *Chase* v. *State of California* (1977) 67 Cal.App.3d 808 [136 Cal.Rptr. 833], restricted the ordinarily liberal rules allowing naming of "Doe" defendants when the defendant is a public entity. Typically, a defendant initially named a "Doe defendant" is considered a party to the action for purposes of the statute of limitations from the date the complaint is filed, regardless of when the defendant is later actually named. In *Chase*, however, the appellate court held the usual rule did not apply to governmental defendants; instead, the Act's shortened period for filing a complaint was inflexible, "the [A]ct manifest[ing] a purpose that the time within which an action may be commenced under it is absolute, and will not be extended for any reason." (*Id.* at p. 812; see also *Atchison, Topeka & Santa Fe Ry. Co.* v. *Stockton Port Dist.* (1983) 140 Cal.App.3d 111, 115 [189 Cal.Rptr. 208]

[3]Although we cite *Anson* v. *County of Merced, supra,* 202 Cal.App.3d 1195, for its general observations about the state of the law, we decline respondent's invitation to extend *Anson's* holding to the facts here. In *Anson,* the plaintiff presented a timely medical malpractice claim to the county, which was rejected. The plaintiff then filed a complaint which the trial court dismissed as untimely because it was tardy under the six-month limit of section 945.6, although it was timely under the ordinary one-year statute of limitations applicable to malpractice claims. In reversing the trial court for reasons not pertinent here, the appellate court declared section 945.6's six-month requirement "controlled" over section 340.5's one-year window for filing a complaint. (202 Cal.App.3d at p. 1202.) Seizing on that pronouncement, respondent urges us to extend the primacy of section 945.6 to section 340.5's extended statute of limitation for minors. We decline to do so, however, because *Anson* is distinguishable, most notably in the plaintiff's failure there to file *any* complaint within six months of rejection of his claim. Here, in contrast, appellants' first complaint satisfied the six-month requirement; the issue is whether their second complaint needed to do so also.

[same]; 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 447, p. 545.) Also, *Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227 [137 Cal.Rptr. 146], held the normal five-day extension of time for service by mail did not apply to the Act's six-month statute of limitations. (*Id.* at pp. 231-232.) Finally, *Castro* v. *Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927 [55 Cal.Rptr.2d 193], established that attorney mistake, inadvertence, surprise, or neglect which would ordinarily entitle a party to relief from default (see Code Civ. Proc., § 473) did not apply to a plaintiff who failed to file his complaint within the six months required by section 945.6. (47 Cal.App.4th at pp. 929, 934.)

Appellants counter with the observation that we must give effect, if possible, to both section 945.6 and Code of Civil Procedure section 340.5, which codifies the statute of limitations for medical malpractice. They note that by allowing them only a six-month window to file any and all complaints, we deny Jeremiah the benefit of the far longer statute of limitations—in this case, until his eighth birthday—which Code of Civil Procedure section 340.5 bestows upon minors.[4] They argue such a denial runs contrary to the public policy which they perceive disfavors interposing statutes of limitations against a minor's claims. (See, e.g., *Wozniak* v. *Peninsula Hospital* (1969) 1 Cal.App.3d 716, 724 [82 Cal.Rptr. 84]; see also *Steketee* v. *Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46, 53 [210 Cal.Rptr. 781, 694 P.2d 1153] [by applying different time limits for adults and minors in Code of Civil Procedure section 340.5, the Legislature intended that minors should be treated more generously].) We note, however, that section 945.6 existed when the Legislature enacted Code of Civil Procedure section 340.5 in 1975, and therefore the Legislature is presumed to have known about the six-month filing requirement for complaints against public entities. (*Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977, fn. 10 [140 Cal.Rptr. 669, 568 P.2d 394] [Legislature presumed to know of existing legislation].) Hence, in failing to make an exception in section 340.5 for malpractice claims against public entities, we infer the Legislature intended even minors to be bound by section 945.6's six-month limit.

In addition, we find that the public policy disfavoring application of statutes of limitation to minors does not extend to complaints against public entities. Code of Civil Procedure section 352, which reflects that policy, generally tolls statutes of limitations for minors before they become adults,

---

[4]Code of Civil Procedure section 340.5 provides, "Actions by a minor [for injury or death against a health care provider based upon such person's alleged professional negligence] shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period. . . ."

but specifically bars tolling for minors with claims against public entities. It provides, "(a) If a person entitled to bring [a tort] action . . . is, at the time the cause of action accrued . . . under the age of majority . . . the time of the disability [due to his juvenile status] is not part of the time limited for the commencement of the action. [¶] (b) This section does not apply to an action against a public entity . . . upon a cause of action for which a claim is required to be presented in accordance with [the Act]. . . ." (Code Civ. Proc., § 352.) In proposing Code of Civil Procedure section 352, the Law Revision Commission explicitly stated it intended there should be no tolling for claims against public entities: "Subdivision (b) has been added so that Section 352, which operates to toll the statute of limitations for minors . . . will not apply to the causes of action against a public entity . . . . Such actions are governed by the [six-month] period of limitations specified in subdivision (a) of Section 945.6 of the Government Code. . . ." (Cal. Law Revision Com. com., 13A West's Ann. Code Civ. Proc. (1982 ed.) § 352, p. 572.)

Appellants also contend that a six-month window to file any and all complaints unfairly extinguishes their right to refile a complaint following a voluntary dismissal. (See, e.g., *Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 784 [176 Cal.Rptr. 104, 632 P.2d 217] [plaintiff ordinarily entitled to refile after voluntary dismissal without prejudice].) They call such a result "anomalous." Whether or not such a result is anomalous, it is not unprecedented because exercising the right to dismiss a complaint, as with any tactical litigation decision, may carry unintended consequences. Most notably, a plaintiff may miss the statute of limitations in refiling. As *Hill v. City of Clovis* (1998) 63 Cal.App.4th 434 [73 Cal.Rptr.2d 638], explained, ". . . a party's voluntary dismissal without prejudice does not come equipped by law with an automatic tolling or waiver of all relevant limitations periods; instead, such a dismissal includes the very real risk that an applicable statute of limitations will run before the party is in a position to renew the dismissed cause of action." (*Id.* at p. 445.)

*Carroll v. Import Motors, Inc.* (1995) 33 Cal.App.4th 1429 [39 Cal.Rptr.2d 791], illustrates the potential hazard of voluntarily dismissing a complaint. There, the plaintiff filed a complaint which the defendants answered with a cross-complaint. The plaintiff thereafter dismissed his complaint without prejudice and filed a second complaint. The defendants moved to dismiss the second complaint, arguing it was barred because it asserted compulsory cross-claims which needed to be pursued in the original action or forfeited. The plaintiff resisted dismissal of his second complaint, arguing that his right to voluntarily dismiss a complaint and refile later—provided he met the

statute of limitations—was absolute, and therefore compulsory cross-claim laws were inapplicable. (*Id.* at p. 1434.) The *Carroll* court rejected his contention, declaring "there is no reason in law or logic why a party who has voluntarily dismissed a complaint without prejudice should be entitled to ignore the compulsory cross-complaint requirement. . . . [T]hat equity abhors a forfeiture [citation] does not excuse him from complying with the law." (*Id.* at p. 1437, fn. omitted.)

*Carroll* is instructive because it sounds a cautionary note that a plaintiff dismisses a complaint at his peril. Here, appellants dismissed their first complaint despite section 945.6's language that "any suit" must be filed within six months of the public entity's rejection of a claim. Now, they seek relief from the consequences of their decision, but in doing so ignore that simply because "equity abhors a forfeiture[, it] does not excuse [them] from complying with the law." (*Carroll* v. *Import Motors, Inc., supra,* 33 Cal.App.4th at p. 1437.)

Finally, appellants contend equitable tolling excuses them from complying with section 945.6 a second time. Under equitable tolling, the statute of limitations in one forum is tolled as a claim is being pursued in another forum. (*Addison* v. *State of California* (1978) 21 Cal.3d 313, 317 [146 Cal.Rptr. 224, 578 P.2d 941]; *Elkins* v. *Derby* (1974) 12 Cal.3d 410, 413, 420 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839].) Here, however, appellants pursued successive claims in the *same* forum, and therefore equitable tolling did not apply. But, even assuming it did, it does not help appellants because the Act's six-month statute of limitations would have been tolled only for the twenty-seven months appellants' first complaint was pending before its voluntary dismissal in May 1992. After May 1992, the six-month period would have started to run again and would have long since expired by the time appellants filed their second complaint almost five years later. (Cf. *Kolani* v. *Gluska* (1998) 64 Cal.App.4th 402, 410 [75 Cal.Rptr.2d 257] [". . . the leading cases finding an equitable tolling have involved short intervals between dismissal and refiling. [Citations.]"].)

Appellants' reliance on *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399], for a somewhat different formulation of equitable tolling does not change the result. *Bollinger's* elements for equitable tolling required, among other things, "that the plaintiff [be] left without a [current] judicial forum for resolution of the claim [because of] forces outside the control of the plaintiff . . . ." (*Hull* v. *Central Pathology Service Medical Clinic* (1994) 28 Cal.App.4th 1328, 1336 [34 Cal.Rptr.2d 175].) Here, appellants cannot satisfy that element because they voluntarily dismissed their first complaint. Accordingly, their predicament at being unable

to file another complaint is of their own making and not something caused by "forces outside [their] control."

## DISPOSITION

The judgment is affirmed. Each side to bear its own costs on appeal.

Grignon, Acting P. J., and Armstrong, J., concurred.