**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAYMOND BALDHOSKY,

　　　　　　Plaintiff-Appellant,

　v.

V. SANCHEZ; et al.,

　　　　　　Defendants-Appellees.

No. 15-15983

D.C. No. 1:14-cv-00166-LJO-MJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted July 26, 2016[**]

Before:　　SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

　　　Raymond Baldhosky, a former California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 claims alleging

deliberate indifference to his serious medical needs.　We have jurisdiction under 28

U.S.C. § 1291.　We review de novo a district court's dismissal on the basis of the

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

applicable statute of limitations, *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011), and we vacate and remand.

Baldhosky's action would be barred by the statute of limitations absent equitable tolling. *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (two-year statute of limitations for personal injury claims; two-year tolling period due to incarceration); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007) (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions). The requirements for equitable tolling in California are timely notice and lack of prejudice to the defendants, and good faith conduct on the part of the plaintiff. *See Addison v. California*, 578 P.2d 941, 943-44 (Cal. 1978). Although California law generally prohibits equitable tolling for successive claims in the same forum, *see Martell v. Antelope Valley Hosp. Med. Ctr.*, 79 Cal. Rptr. 2d 329, 334 (Ct. App. 1998), it recognizes that equitable tolling is permissible in narrow circumstances, such as after an erroneous dismissal or in the absence of a forum for resolution of the claim due to forces outside of the plaintiff's control, *see Bollinger v. Nat'l Fire Ins. Co. of Hartford, Conn.*, 154 P.2d 399, 405-06 (Cal. 1944).

Baldhosky contends that in his earlier action filed in 2012, the district court erred by dismissing without prejudice his now time-barred claims rather than severing them. We agree that the prior district court's decision to dismiss, rather

2                                                                                          15-15983

than sever, Baldhosky's catheter-related claims effectively rendered the claims in the instant action time-barred, and therefore provides a basis for the application of equitable tolling. *See Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015) (district court abuses its discretion by dismissing rather than severing claims without conducting a prejudice analysis, including "loss of otherwise timely claims if new suits are blocked by statutes of limitations" (citation and internal quotation marks omitted)). Because we conclude that application of equitable tolling allows relation back to the 2012 filing date, we vacate the district court's judgment and remand for further proceedings consistent with this disposition.

Appellees' request for judicial notice, filed on December 15, 2015, is denied as unnecessary.

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**