**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 19 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY McCLELLAN, | No. 18-17130 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-01120-AWI-JLT |
| v. | |
| S. LOZANO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted July 15, 2019**

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Gregory McClellan appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging an excessive force claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii));

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004) (dismissal as time-barred and equitable tolling analysis where relevant facts are undisputed). We affirm.

The district court properly dismissed McClellan's action as time-barred because, even with the benefit of statutory tolling, McClellan failed to file his action within the applicable statute of limitations. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims), § 352.1(a) (statutory tolling of up to two years due to imprisonment); *Jones*, 393 F.3d at 927 (§ 1983 claims are governed by the forum state's statute of limitations for personal injury claims, including state law regarding tolling).

The district court properly concluded that McClellan is not entitled to equitable tolling for the period during which (1) he pursued Supplemental Security Income with the Social Security Administration or (2) his prior district court action alleging the same excessive force claim was pending. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1275-77 (9th Cir. 1993) (discussing California's "definitive three-pronged test" for equitable tolling; dismissal despite a claim of equitable tolling may be appropriate when it is evident from the face of the complaint that the plaintiff could not prevail on the equitable tolling issue as a matter of law (citation and internal quotation marks omitted)); *Martell v. Antelope Valley Hosp. Med. Ctr.*, 79 Cal. Rptr. 2d 329, 334 (Ct. App. 1998) (equitable tolling does not apply to "successive claims pursued in the *same* forum").

McClellan's contention, relying on *Escobedo v. Applebees*, 787 F.3d 1226 (9th Cir. 2015), that the complaint in this action was constructively filed within the statute of limitations period is unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-17130