**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT EPPS, | No. 19-16501 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01306-JAM-AC |
| v. | |
| A. DELEON, Correctional Officer; A. SACAY, Correctional Officer, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

California state prisoner Robert Epps appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging an excessive force claim.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal

under 28 U.S.C. § 1915A for failure to state a claim.  *Wilhelm v. Rotman*, 680 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Epps's action as time-barred because Epps failed to file his action within the applicable statute of limitations. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (§ 1983 claims are governed by the forum state's statute of limitations for personal injury claims, including state law regarding tolling); *see also* Cal. Civ. Proc. Code § 335.1, 352.1(a) (two-year statute of limitations for personal injury claims; statutory tolling of up to two years due to imprisonment); *Martell v. Antelope Valley Hosp. Med. Ctr.*, 79 Cal. Rptr. 2d 329, 334 (1998) (equitable tolling ordinarily does not apply to "successive claims pursued in the *same* forum").

The district court did not abuse its discretion by denying Epps's motion for leave to amend his complaint because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

Epps's motion for leave to amend his complaint (Docket Entry No. 2) is denied.

**AFFIRMED.**