Filed 10/13/20  McAlister v. County of Riverside CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| GLADYS McALISTER, | |
| Plaintiff and Appellant, | E074114 |
| v. | (Super.Ct.No. RIC1804067) |
| COUNTY OF RIVERSIDE, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge.

Affirmed.

Gladys McAlister, Plaintiff and Appellant in pro. per.

Gregory P. Priamos, County Counsel, and Kelly A. Moran and Emily C. Headlee, Deputy County Counsel, for Defendant and Respondent.

On or before May 21, 2014, Gladys McAlister's existing community care license was suspended and her application for a new license was denied.  Nearly four years later, on February 28, 2018, she filed this action against the County of Riverside (County) and other defendants, alleging state and federal causes of action arising out of the suspension

1

and denial. The limitations period applicable to all of these causes of action was two years. The trial court sustained the County's demurrer, based on the statute of limitations, and dismissed the action.

McAlister appeals. We see no error. On May 28, 2015, McAlister had filed a prior action against the County; that action had been dismissed on September 6, 2016. McAlister's complaint, however, does not allege that the prior action resulted in equitable tolling. Even if it did, this action was still filed too late. Hence, we will affirm.

I

STATEMENT OF FACTS

Consistent with the applicable standard of review (see part III, *post*), we assume the following facts, taken from the operative complaint, are true.

McAlister operated a licensed community care facility at her home in Perris. Starting in 2012, she tried to obtain a new license that would allow her to expand her operation to a back house on the same property. In the course of these efforts, she experienced abuse, was "harassed physically and emotionally," and was discriminated against.

At some point, an agent or agents of the County broke into her home and conducted a search without a warrant.

On or before May 31, 2014, her request for a license was denied. On May 31, 2014, the County suspended her existing license. The denial and/or the suspension were

2

improperly based on hearsay, false allegations, and discrimination based on race or religion.

On October 15, 2014, McAlister presented a government claim to the County. The County did not respond to the claim, so the claim was denied by operation of law six months later, i.e., on April 15, 2015.[1]

On May 28, 2015, McAlister filed a prior action in Riverside Superior Court against the County Board of Supervisors and other defendants. On September 6, 2016, it was dismissed.

II

STATEMENT OF THE CASE

On February 28, 2018, McAlister filed this action against the County and other defendants. The operative (second amended) complaint asserted causes of action for violation of federal civil rights; conspiracy to deprive of federal civil rights; intentional infliction of emotional distress; forcible entry; unlawful search and seizure; trespass; and injunctive relief.

The County filed a demurrer. It argued that: (1) the entire action was barred by the applicable statute of limitations; (2) the entire action was barred by failure to exhaust administrative remedies; (3) regarding the state law claims, the complaint failed to allege

---

[1] Actually, as the County points out, the claim was denied by operation of law just 45 days later, i.e., on November 29, 2014. (Gov. Code § 912.4, subs. (a), (c).) However, the difference is not material for our purposes.

3

a statutory basis for governmental liability; and (4) regarding the federal claims, the complaint failed to allege any acts taken pursuant to a county policy or custom.

After hearing argument, the trial court sustained the demurrer without leave to amend, based on the statute of limitations; it entered judgment against McAlister and in favor of the County. McAlister filed a timely notice of appeal from the judgment.

Meanwhile, the trial court also sustained a demurrer by the other defendants, without leave to amend. McAlister filed a separate notice of appeal from that ruling. We dismissed that appeal, however, for failure to file a civil case information statement.

III

STANDARD OF REVIEW

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. [Citations.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse. [Citation.]" (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)

Our standard of review is de novo. (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.)

IV

THE STATUTE OF LIMITATIONS

McAlister contends that the trial court erred by sustaining the demurrer.

Preliminarily, the County demurred based not only on the statute of limitations, but also on failure to exhaust administrative remedies, failure to allege a statutory basis for the state-law claims, and failure to allege a county policy or custom as a basis for the federal-law claims. "A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground. [Citations.]" (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.) McAlister does not argue that the demurrer could not have been sustained on these alternative grounds; hence, she has forfeited any such argument. (*Cox v. Griffin* (2019) 34 Cal.App.5th 440, 453.) We must affirm for this reason alone.

Separately and alternatively, however, the action was, in fact, barred by the statute of limitations.

Under the Government Claims Act (Gov. Code § 810 et seq.), the applicable limitations period depends on whether the public entity gave written notice that the claim was denied. (Gov. Code, § 945.6, subd. (a).) Here, the County did not give such notice; therefore, McAlister's state-law claims were barred unless she filed an action within two

years after her claim accrued. (Gov. Code, § 945.6, subd. (a)(2); *S.M. v. Los Angeles Unified School Dist.* (2010) 184 Cal.App.4th 712, 717.)

Similarly, McAlister's federal civil rights claims were subject to a two-year limitations period. (Code Civ. Proc., § 335.1; *Aiuto v. City and County of San Francisco* (2011) 201 Cal.App.4th 1347, 1354; see also *Wallace v. Kato* (2007) 549 U.S. 384, 387 [42 U.S.C. § 1983]; *McDougal v. County of Imperial* (9th Cir. 1991) 942 F.2d 668, 673-674 [42 U.S.C. § 1985].)

McAlister does not dispute that all of her claims accrued not later than May 31, 2014. She does not cite any allegations of her complaint that would suggest a later date. She also does not claim that she could amend to state a later date. This action was filed on February 28, 2018 — not two years later, but three years and nine months later.

In the trial court, McAlister pointed to the separate action that she filed in 2015. This would be relevant, if at all, only under the doctrine of equitable tolling. "Under equitable tolling, the statute of limitations in one forum is tolled as a claim is being pursued in another forum. [Citations.]" (*Martell v. Antelope Valley Hospital Medical Center* (1998) 67 Cal.App.4th 978, 985.) Equitable tolling does not apply here, for two reasons. First, the complaint fails to allege that the prior action involved the same claim as this action. Second, McAlister filed both claims in Riverside Superior Court. Because

she "pursued successive claims in the *same* forum, . . . equitable tolling did not apply." (*Ibid.*)[2]

Even if equitable tolling did apply, it would not help McAlister. "[T]he effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded." (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 370-371, italics omitted.) Here, the prior action was pending for a little more than a year and three months — from May 28, 2015 through September 6, 2016. That still leaves this action late by about six months.[3]

McAlister argues that her "lawsuit is primarily based on [f]raud . . . ." But she did not plead a fraud cause of action. She alleged that the County made false allegations, but she did not allege that it made any to her. Nor does she explain how she could plead a fraud cause of action if given leave to amend. In any event, a fraud cause of action against the County would still be governed by the two-year limitations period in Government Code section 945.6, subdivision (a)(2).

---

[2]    The County asserts a third reason — that equitable tolling does not apply when the prior action was dismissed without prejudice. (See *Wood v. Elling Corp.* (1977) 20 Cal.3d 353, 359-360.) The record here, however, does not conclusively establish that the dismissal of the prior action was without prejudice.

[3]    362 days + 540 days = 902 days ≈ 2 years 6 months.

| Event | Date | Elapsed time |
|---|---|---|
| Accrual | May 31, 2014 | |
| Prior action filed | May 28, 2015 | 362 days |
| Prior action dismissed | September 6, 2016 | 467 days |
| This action filed | February 28, 2018 | 540 days |

7

McAlister suggests that various other documents could be deemed to be her government claim — applications, an administrative appeal, a letter to the Governor, etc. Her complaint, however, repeatedly alleges that she presented the relevant government claim to the County on October 15, 2014. But it does not matter. The date the claim was presented is irrelevant. The County never responded to the government claim, and therefore the limitations period is two years from the *accrual* of the claim.

Finally, McAlister argues that the trial court ignored the evidence that her claims had merit. In ruling on a demurrer, however, a trial court is not supposed to consider any evidence. Even more important, the action was barred by the statute of limitations, regardless of whether it had merit.

V

DISPOSITION

The judgment is affirmed. In the interests of justice, each side shall bear its own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

RAPHAEL
J.

8