**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAVON LOVOWE RAMSEY,

Plaintiff - Appellant,

v.

J. JOHNSON; L. PENNISI; J. JACKSON,

Defendants - Appellees.

No. 25-2160

D.C. No.
4:25-cv-00903-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted June 22, 2026[**]

Before: CANBY, BENNETT, and BADE, Circuit Judges.

Ravon Lovowe Ramsey, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his safety. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a district court's sua sponte dismissal on the basis of the applicable

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

statute of limitations. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm.

The district court properly dismissed Ramsey's action as time-barred because Ramsey failed to file the action within the applicable statute of limitations and did not allege facts sufficient to establish equitable tolling. *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (setting forth two-year statute of limitations for personal injury claims; two-year tolling period due to incarceration); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (explaining that forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions); *Martell v. Antelope Valley Hosp. Med. Ctr.*, 79 Cal. Rptr. 2d 329, 334 (Ct. App. 1998) (holding that a plaintiff's pursuit of successive claims in the same forum does not warrant application of equitable tolling).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Ramsey's motion (Docket Entry No. 8) for appointment of pro bono counsel and motion (Docket Entry No. 9) for discovery are denied.

**AFFIRMED.**