**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN SCHWARZ, | No. 11-56114 |
| Petitioner - Appellant, | D.C. No. 5:10-cv-01728-MMM |
| v. | |
| ERWIN MEINBERG, Acting Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted May 15, 2012[**]

Before:   CANBY, GRABER, and M. SMITH, Circuit Judges.

Federal prisoner Benjamin Schwarz appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas petition. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Schwarz's habeas petition challenges the Bureau of Prisons' refusal, on the basis of his Canadian nationality, to designate him to serve his sentence in a prison camp. He further asserts that unsanitary toilet conditions at his prison facility violate the Eighth Amendment. We need not resolve whether the district court properly dismissed the petition without prejudice on the basis that the claims should have been brought in an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In either case, Schwarz was required to exhaust his administrative remedies before proceeding with his claims in federal court. *See Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991) (*Bivens* action); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) (§ 2241 petition). Schwarz has not exhausted his administrative remedies with respect to his camp designation claim because he failed to complete his final administrative appeal to the General Counsel, *see* 28 C.F.R. § 542.15(a), and has not exhausted his remedies for his toilet conditions claim because he failed to proceed beyond the informal staff resolution stage, *see id.* § 542.13(a). We therefore affirm the district court's dismissal of Schwarz's petition without prejudice. *See Manta v. Chertoff*, 518 F.3d 1134, 1146 (9th Cir. 2008) (appellate court may affirm on any ground supported by the record).

Schwarz further contends that the district court erred by permitting

respondent to file a motion to dismiss his petition rather than an answer, and by permitting a time limit exceeding the limits specified in 28 U.S.C. § 2243. This contention fails. *See* Rule 4 of the Rules Governing § 2254 Cases (Rule 4) (unless a habeas petition is summarily dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time"); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989) (Rule 4 permits the filing of a motion to dismiss a habeas petition); *Clutchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985) (Rule 4 contains no fixed time requirement and gives district courts discretion to set appropriate deadlines for responses to habeas petitions).

Schwarz's requests for attorney's fees, costs, sanctions, and the initiation of disciplinary proceedings against respondent's counsel are denied.

**AFFIRMED.**