**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN R. SCHWARZ; et al., | No. 14-55062 |
| Plaintiffs - Appellants, | D.C. No. 2:13-cv-00356-BRO-PLA |
| v. | |
| ERWIN MEINBERG; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted February 8, 2016
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

Benjamin Schwarz and Stephen Yagman appeal the dismissal of their *Bivens* action alleging violations of their Fifth and Eighth Amendment rights while they were inmates at the Metropolitan Detention Center in Los Angeles, California.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

After the district court issued its order dismissing Schwarz's claims for failure to exhaust administrative remedies, an en banc decision of this Court held that disputed facts related to exhaustion are not properly resolved on a motion to dismiss. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Schwarz has pleaded facts adequate to place in dispute whether exhaustion should be excused because the prison grievance process was functionally unavailable. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010). *Albino* therefore controls, notwithstanding this Court's prior exhaustion determination in *Schwarz v. Meinberg*, 478 F. App'x 394 (9th Cir. 2012). We vacate the district court's exhaustion ruling and remand on an open record so that the district court can address this issue with the benefit of *Albino*. We express no opinion on whether 42 U.S.C. § 1997e applies to Schwarz, who remains incarcerated in a Canadian prison.

The district court erred in dismissing Schwarz's equal protection claim as insufficiently pleaded. Schwarz has plausibly pleaded factual matter sufficient to claim that the policy of the Bureau of Prisons discriminated against him as a non-citizen. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We express no opinion as to the validity of his allegations or as to any contention by the government that a deportable alien is not similarly situated to a citizen for this purpose.

The district court did not err in dismissing Schwarz's due process claim with prejudice. To state a cognizable due process claim, a plaintiff must first identify a protected life, liberty, or property interest of which he has been deprived. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972). Schwarz's argument that the grievance process deprived him of access to the courts fails, given that exhaustion is excused under § 1997e when a grievance process is unavailable. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010).

The district court did not err in dismissing Yagman's claims as time-barred. The statute of limitations for a *Bivens* action follows that of an action under 42 U.S.C. § 1983. *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991). The two-year statute of limitations provided by California Civil Procedure Code § 335.1 applies in § 1983 actions. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Yagman filed this action on January 17, 2013, over two years after he was released from Bureau custody on November 8, 2010.

**AFFIRMED** in part, **VACATED** in part and **REMANDED**.

Each party shall bear their own costs.