**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC.; MICHAEL REX MOONEY, AKA Raging Bear, *Plaintiffs-Appellants*,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General; MICHELE LEONHART, as Acting Administrator of the U.S. Drug Enforcement Administration; FLORENCE T. NAKAKUNI, U.S. Attorney for the District of Hawaii, *Defendants-Appellees.* | No. 14-15143<br><br>D.C. No. 1:09-cv-00336-SOM-BMK<br><br>OPINION |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted
October 16, 2015—Honolulu, Hawaii

Filed April 6, 2016

Before: Diarmuid F. O'Scannlain, Richard C. Tallman,
and Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge O'Scannlain

## SUMMARY[*]

### Religious Freedom Restoration Act

The panel affirmed the district court's summary judgment in favor of federal officials, and held that the district court properly denied the plaintiffs – Oklevueha Native American Church of Hawaii, Inc. and its founder, Michael Rex "Raging Bear" Mooney – an exemption from federal laws prohibiting the possession and distribution of cannabis.

Concerning plaintiffs' claimed violation of the Religious Freedom Restoration Act, the panel held that even assuming that plaintiffs' use of cannabis constituted an "exercise of religion," no rational trier of fact could conclude on the record that a prohibition of cannabis use imposed a "substantial burden" on plaintiffs' exercise of religion. Specifically, the panel held that nothing in the record demonstrated that a prohibition on cannabis forced plaintiffs to choose between obedience to their religion and criminal sanction, such that they were being coerced to act contrary to their religious beliefs; and this was fatal to their claim. The panel also held that plaintiffs' admission that cannabis was merely a substitute for peyote also distinguished their case from *Holt v. Hobbs*, 135 S. Ct. 853 (2015) (holding that there was a Religious Land Use and Institutionalized Persons Act violation where the prison's refusal to grant a Muslim inmate a religious exemption to grow a half-inch beard forced him to choose between a violation of his religious beliefs or face serious disciplinary action).

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Concerning plaintiffs' claimed violation of the American Indian Religious Freedom Act, the panel held that the Act does not create a cause of action or any judicially enforceable individual rights.

## COUNSEL

Michael Andrew Glenn, Low Cost Legal Services, Honolulu, Hawaii, argued the cause and filed the briefs for the plaintiffs-appellants.

Lowell V. Sturgill, Jr., United States Department of Justice, Washington, D.C., argued the cause and filed the brief for the defendants-appellees. With him on the brief were Stuart F. Delery and Mark Stern, United States Department of Justice, Washington, D.C., and Florence Nakakuni, United States Attorneys Office, Honolulu, Hawaii.

Kristen A. Carpenter, University of Colorado Law School, Boulder, Colorado, filed a brief on behalf of amici curiae National Council of Native American Churches, Native American Church of North America; Azee Bee Nahagha of Dine Nation; Native American Church, State of Oklahoma; and Native American Church, State of South Dakota in support of the defendants-appellees.

**OPINION**

O'SCANNLAIN, Circuit Judge:

The Religious Freedom Restoration Act mandates that the federal government may not substantially burden a person's religious exercise unless it uses the least restrictive means to further a compelling interest. We must decide whether the district court properly denied a church and its founder an exemption from federal laws prohibiting the possession and distribution of cannabis.

I

Michael Rex "Raging Bear" Mooney is the founder, president, and "Medicine Custodian" of Oklevueha Native American Church of Hawaii, Inc. ("Oklevueha"). According to Mooney and Oklevueha, members of the church "receive communion through cannabis in their religious ceremonies and daily worship." Specifically, they assert that "Mooney uses cannabis sacrament daily, and [Oklevueha] uses cannabis in its 'sweats,' which occur approximately twice a month during the new moon and the full moon." They further allege that Oklevueha's primary purpose is "to administer Sacramental Ceremonies," which include a "sweat lodge ceremony," as well as peyote, breath, and pipe ceremonies. According to Mooney, these ceremonies "help people regain their relationship with the Creator," and give participants a "direct connection" with the divine.

Mooney and Oklevueha describe their religion as "peyotism." But unlike traditional peyotism, Mooney and Oklevueha consider "cannabis, in addition to peyote, to be sacred or most holy." Specifically, they state that "Peyote is

the significant sacrament" and that they consume cannabis "in addition to and in the [sic] substitute for their primary entheogenic sacrament, Peyote." Further, Mooney and Oklevueha explain that they "honor[] and embrace[] all entheogenic naturally occurring substances, including Ayahuasca, Cannabis (aka Rosa Maria and Santa Rosa), Iboga, Kava, Psilocybin, San Pedro, Soma, Teonanacatyl, Tsi-Ahga, and many others." As they describe it, the purpose of their cannabis use "is similar to the purpose of many other intensive religious practices—to enhance spiritual awareness or even to occasion direct experience of the divine."

## A

Mooney and Oklevueha filed their initial complaint against various federal officials in 2009, alleging that a member of the church had his cannabis seized and that the threat of federal prosecution for cultivating, possessing, and distributing cannabis was "exceedingly real." They sought declaratory and injunctive relief under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, the American Indian Religious Freedom Act ("AIRFA"), 42 U.S.C. § 1996, the Free Exercise Clause, and the Equal Protection Clause. Specifically, Mooney and Oklevueha sought to prevent the government from prosecuting them under the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq.*, for possessing cannabis for religious or therapeutic use, obtaining cannabis, and cultivating or distributing cannabis consistent with state law.

The district court dismissed Mooney's and Oklevueha's claims on ripeness grounds. Mooney and Oklevueha appealed, and we reversed in *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829 (9th Cir. 2012).

B

Following remand, the government brought a renewed motion to dismiss under Rule 12(b)(6) which the court granted with respect to the AIRFA claim, the free exercise claim and the equal protection claim, but denied with respect to the RFRA claim. After discovery, the government brought a motion for summary judgment on the remaining RFRA claim, which the district court granted.

The district court observed that Mooney and Oklevueha had produced "almost no admissible evidence regarding their religion," and that "[n]o reasonable juror could infer . . . that Mooney's religion is anything more than a strongly held belief in the importance or benefits of marijuana." The district court also concluded that Mooney and Oklevueha had not met their evidentiary burden in demonstrating that a prohibition on cannabis constituted a "substantial burden" on their religion. Mooney and Oklevueha timely appealed.

II

We review a district court's grant of summary judgment de novo. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015). Thus, we must "determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *SEC v. Phan*, 500 F.3d 895, 901 (9th Cir. 2007) (citation omitted); *see* Fed. R. Civ. P. 56(a). A factual issue is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

III

Mooney and Oklevueha first argue that the district court erred in granting summary judgment to the government on their RFRA claim.  RFRA "suspends generally applicable federal laws that 'substantially burden a person's exercise of religion' unless the laws are 'the least restrictive means of furthering [a] compelling governmental interest.'" *United States v. Antoine*, 318 F.3d 919, 920 (9th Cir. 2003) (alteration in original) (quoting 42 U.S.C. § 2000bb-1(a)–(b)). To establish a prima facie claim under RFRA, a plaintiff must "present evidence sufficient to allow a trier of fact rationally to find the existence of two elements." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1068 (9th Cir. 2008) (en banc). "First, the activities the plaintiff claims are burdened by the government action must be an 'exercise of religion.'" *Id.* (quoting 42 U.S.C. § 2000bb-1(a)); *see also United States v. Zimmerman*, 514 F.3d 851, 853 (9th Cir. 2007) (per curiam) (observing that a litigant "may only invoke RFRA if his beliefs are both 'sincerely held' and 'rooted in religious belief, not in "purely secular" philosophical concerns'" (citation omitted)).  "Second, the government action must 'substantially burden' the plaintiff's exercise of religion." *Navajo Nation*, 535 F.3d at 1068 (quoting 42 U.S.C. § 2000bb-1(a)).  Where a plaintiff has established these elements, "the burden of persuasion shifts to the government to prove that the challenged government action is in furtherance of a 'compelling governmental interest' and is implemented by 'the least restrictive means.'" *Id.* (quoting 42 U.S.C. § 2000bb-1(b)).

A

The parties disagree as to whether enough evidence exists to create a genuine factual dispute about whether Mooney's and Oklevueha's cannabis use amounts to an exercise of religion. Like the district court, we are skeptical that such a genuine issue of fact exists. Nonetheless, we need not reach this question on appeal, because even assuming such use constitutes an "exercise of religion," no rational trier of fact could conclude on this record that a prohibition of cannabis use imposes a "substantial burden."

B

RFRA itself provides no explicit definition of "substantial burden." However, we have held that the meaning of the term can be ascertained by looking to "a body of Supreme Court case law" decided before *Employment Division v. Smith*, 494 U.S. 872 (1990), the case that was the impetus for RFRA's passage. *Navajo Nation*, 535 F.3d at 1067–68; *see also* 42 U.S.C. § 2000bb(a)–(b) (explaining RFRA's attempt to restore pre-*Smith* protections for religious exercise). Looking to that pre-*Smith* case law, we have held that a substantial burden under RFRA exists in a context such as this one "only when individuals are . . . coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions . . . ." *Navajo Nation*, 535 F.3d at 1070.[1] Nothing in the record indicates that Mooney or Oklevueha

---

[1] Mooney and Oklevueha make no allegation that the CSA's prohibition on cannabis "force[s] [them] to choose between following the tenets of their religion and receiving a governmental benefit," the other kind of substantial burden we have recognized under RFRA. *Navajo Nation*, 535 F.3d at 1070.

face such a dilemma, because they have expressly told us that foregoing cannabis is not contrary to their religious beliefs.

Mooney and Oklevueha state in no uncertain terms that "Peyote is the significant sacrament," and that they consume cannabis only "in addition to and in the [sic] substitute for their primary entheogenic sacrament, Peyote." They make no claim that peyote is unavailable or that cannabis serves a unique religious function. What is more, their certified complaint states that Oklevueha "honors and embraces all entheogenic naturally occurring substances, including Ayahuasca, Cannabis (aka Rosa Maria and Santa Rosa), Iboga, Kava, Psilocybin, San Pedro, Soma, Teonanacatyl, Tsi-Ahga, and many others." Put simply, nothing in the record demonstrates that a prohibition on cannabis forces Mooney and Oklevueha to choose between obedience to their religion and criminal sanction, such that they are being "coerced to act contrary to their religious beliefs." *Navajo Nation*, 535 F.3d at 1070. Mooney's and Oklevueha's failure to demonstrate that the prohibition on cannabis puts them to such a choice is fatal to their claim. *See Ruiz-Diaz v. United States*, 703 F.3d 483, 486 (9th Cir. 2012) (explaining the nature of the "forced choice" captured in RFRA's substantial burden component and finding plaintiffs' RFRA claim non-meritorious because "the challenged regulation does not affect their ability to practice their religion"); *Snoqualmie Indian Tribe v. FERC*, 545 F.3d 1207, 1213–15 (9th Cir. 2008) (finding no substantial burden where plaintiffs failed to allege government action "coerce[d] them into a Catch-22 situation").

1

Mooney and Oklevueha cite *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014), to argue that "a court must not decide the plausibility of a religious claim." Such a contention is of course correct, but it does nothing to demonstrate that a prohibition on cannabis actually burdens Mooney's or Oklevueha's religious exercise. In concluding that Mooney and Oklevueha have created no triable issue of fact to satisfy RFRA's second element, we do not pass judgment on the plausibility of their religious beliefs or "tell the plaintiffs that their beliefs are flawed." *Hobby Lobby*, 134 S. Ct. at 2778. On the contrary, we simply conclude that the evidence is inadequate to support the finding of a substantial burden. That conclusion is amply supported by *Hobby Lobby* and other recent Supreme Court precedent.

In *Hobby Lobby*, the Supreme Court held that for-profit businesses whose owners objected to providing several contraceptives required by regulations promulgated under the Affordable Care Act were entitled to an exemption under RFRA. *Id.* at 2759. In so holding, the Court concluded that the government had imposed a substantial burden by demanding the businesses and their owners "engage in conduct that seriously violates their religious beliefs" by requiring them to provide abortifacients or face significant financial penalties. *Id.* at 2775. Mooney and Oklevueha have alleged no analogous burden. Indeed, their counsel at oral argument admitted on multiple occasions that no religious ceremonies engaged in by Mooney or Oklevueha actually require the use of cannabis, and that cannabis is simply a substitute for peyote. We fail to see how prohibiting a substance that Mooney and Oklevueha freely admit is a substitute would force them to act at odds with their religious

beliefs—at least when they have made no showing that their primary sacramental substances are otherwise unavailable.

2

Likewise, Mooney's and Oklevueha's admission that cannabis is merely a substitute for peyote also distinguishes their case from *Holt v. Hobbs*, 135 S. Ct. 853 (2015). In *Holt*, the Supreme Court found that the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, the "sister statute" to RFRA, required a prison to grant a Muslim inmate a religious exemption to grow a half-inch beard. *Id.* at 859. The district court had held that the inmate's religion was not substantially burdened by the prison's grooming policy because the inmate was able to engage in "other forms of religious exercise" such as use of a prayer rug, distribution of Islamic material, and observation of religious holidays. *Id.* at 862. The Court rejected that conclusion, reasoning that the prison's refusal to allow the inmate to grow a beard still forced him to choose between "'engag[ing] in conduct that seriously violates [his] religious beliefs'" or "fac[ing] serious disciplinary action." *Id.* at 862 (quoting *Hobby Lobby*, 134 S.Ct. at 2775). By contrast, Mooney and Oklevueha have produced no evidence that denying them cannabis forces them to choose between religious obedience and government sanction, since they have stated in no uncertain terms that many other substances including peyote are capable of serving the exact same religious function as cannabis.

IV

Mooney and Oklevueha also argue that the district court erred in dismissing their claim under the American Indian

Religious Freedom Act.  AIRFA declares that it is "the policy of the United States to protect and preserve for American Indians their inherent right of freedom to . . . exercise the traditional religions of the American Indian, Eskimo, Aleut, and Native Hawaiians . . . ."  42 U.S.C. § 1996.  Contrary to Mooney's and Oklevueha's assertions, however, AIRFA "does not create a cause of action or any judicially enforceable individual rights."  *United States v. Mitchell*, 502 F.3d 931, 949 (9th Cir. 2007) (quoting *Henderson v. Terhune*, 379 F.3d 709, 711 (9th Cir. 2004)); *see also Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 455 (1988).

V

The district court's grant of summary judgment was proper.

**AFFIRMED.**