NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL J. MITCHELL, | No. 16-16848 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01167-TLN-AC |
| v. | |
| SNOWDEN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted October 23, 2017**

Before: McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Michael J. Mitchell, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his safety. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a district court's dismissal on the basis of the applicable statute of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

limitations. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We vacate and remand.

The district court properly concluded that the pendency of Mitchell's prior federal action did not toll the statute of limitations. *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (two-year statute of limitations for personal injury claims; two-year tolling period due to incarceration); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions); *Martell v. Antelope Valley Hosp. Med. Ctr.*, 79 Cal. Rptr. 2d 329, 334 (Ct. App. 1998) (a plaintiff's pursuit of successive claims in the same forum does not warrant application of equitable tolling). However, Mitchell also argued that the statute of limitations should be tolled because of his mental illness and multiple prison transfers. These factors should have been evaluated under California's equitable tolling doctrine. *See Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (three-pronged test for equitable tolling in California). We vacate the judgment and remand for further proceedings.

On remand, the district court should reevaluate whether counsel should be appointed in light of Mitchell's mental illness and medical conditions. *See McElyea v. Babbitt*, 833 F.2d 196, 199 n.3 (9th Cir. 1987) (evaluation of

16-16848

exceptional circumstances requires consideration of both the "characteristics of the claim and the litigant").

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**