NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM J. HOFFMAN,<br><br>               Plaintiff-Appellee,<br><br>  v.<br><br>HOWARD MARKOWITZ,<br><br>               Defendant-Appellant, | No.   17-56290<br><br>D.C. No.<br>2:16-cv-01972-SJO-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted December 4, 2018
Pasadena, California

Before:  D.W. NELSON and WARDLAW, Circuit Judges, and PRATT,[**] District Judge.

Nationwide Automated Systems, Inc. (NASI), a Ponzi scheme, paid

Defendant-Appellant Howard Markowitz referral fees for referring family, friends,

and others to the scheme. On appeal, Markowitz challenges the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

partial summary judgment order in favor of Plaintiff-Appellee William Hoffman, the appointed receiver (the Receiver) in the Securities and Exchange Commission (SEC) action against NASI. We affirm the district court's partial summary judgment order, which concluded that the Receiver could void and disgorge Markowitz's referral fees under the California Uniform Voidable Transactions Act (CUVTA).

The parties do not dispute the following underlying facts. NASI was a Ponzi scheme that raised funds through the purported sale of automated teller machines (ATMs) to investors with the promise of guaranteed returns. The ATMs, however, were fictitious, and the purported returns came from funds raised through later investors.

Markowitz was a long-time investor in NASI. He believed it was a legitimate company. In addition to investing his own money in the company, Markowitz referred others to the company. For this service, NASI paid Markowitz referral fees totaling nearly $750,000.

In 2014, the SEC filed a civil action against NASI, its affiliates, and its principals for securities fraud. In the SEC action, the court appointed Hoffman as receiver of NASI. Under the CUVTA, the Receiver requested that the district court void and disgorge Markowitz's referral fees. The district court granted the Receiver's motion for partial summary judgment on the issue.

"We review a district court's grant of summary judgment de novo" to determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Oklevueha Native Am. Church of Haw., Inc. v. Lynch*, 828 F.3d 1012, 1015 (9th Cir. 2016) (citation omitted). We view facts "'as a whole' and 'in the light most favorable to the party opposing the motion.'" *Pavoni v. Chrysler Grp.*, 789 F.3d 1095, 1098 (9th Cir. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 10 475 U.S. 574, 587 (1986)).

Under the CUVTA, a payment made by a Ponzi scheme to a third party is voidable when made with (1) actual intent to defraud, or (2) constructive intent to defraud based on the lack of "reasonably equivalent value" provided in exchange for a payment. Cal. Civ. Code § 3439.04(a); *see also Donell v. Kowell*, 533 F.3d 762, 770–71 (9th Cir. 2008). A third party can rebut this presumption by showing that it received the payment "in good faith" and "provided reasonably equivalent value" to the scheme for the payment. Cal. Civ. Code § 3439.08(a).

Here, the question is whether NASI's payments to Markowitz for investor referrals are voidable under the CUVTA. Markowitz argues the referral fees are not voidable because (1) he acted in good faith when referring investors to NASI and (2) his referral services provided reasonably equivalent value to NASI in exchange for the referral fees. The Receiver disagrees, arguing that Markowitz's

3

referral fees are voidable because Markowitz's referral services provided no value to NASI investors. From the viewpoint of NASI's losing investors (the creditors), the Receiver argues that Markowitz's investment referrals only created new liabilities for investors and that the net effect was to deepen NASI's insolvency with each referred investment. Markowitz, the Receiver, and the district court all agree, however, that the issue of whether payments for referral services provided to a Ponzi scheme are voidable is unsettled in the Ninth Circuit.

We have not yet addressed whether payments by a Ponzi scheme for referral services are voidable. Moreover, there is no consensus in other circuits. *Compare In re Fin. Federated Title & Trust, Inc.*, 309 F.3d 1325 (11th Cir. 2002) (holding that there is no per se rule that services furthering a Ponzi scheme are without value), *with Warfield v. Byron*, 436 F.3d 551 (5th Cir. 2006) (holding that referral services for a Ponzi scheme provided no value to the scheme as a matter of law).

We need not reach the question of whether referrals to a Ponzi scheme are per se voidable because they never provide value. We find, however, that the reasoning in *Warfield* compels the result in this case. Markowitz concedes that the only service he provided in exchange for referral fees was to refer others to the Ponzi scheme. On this set of facts, we conclude that Markowitz's referral fees do not constitute "reasonably equivalent value" and are thus subject to disgorgement.

Accordingly, we **AFFIRM** the district court's partial summary judgment order in favor of the Receiver.

*Hoffman v. Markowitz*, 17-56290

D.W. NELSON, Circuit Judge, concurring:

I concur in the result and write separately because I would hold that when a third-party receives payment in exchange for referring investors to a Ponzi scheme, the payments are per se voidable because investor referrals do not provide value to the Ponzi scheme. Rather, each referral increases the Ponzi scheme's liabilities and its inevitable insolvency. *See Warfield v. Byron*, 436 F.3d 551, 560 (5th Cir. 2006). This reasoning is consistent with both the California Uniform Voidable Transaction Act (CUVTA) and the California Supreme Court's instruction that courts analyze the issue of value provided from the standpoint of a creditor, not the debtor. *See Hansen v. Cramer*, 39 Cal. 2d 321, 324 (1952).

Markowitz's slippery slope argument is unpersuasive because it fails to recognize the material differences between an ordinary vendor (e.g., landlord, utility company, or shipping service) and a third-party agent paid to recruit new investors to a Ponzi scheme, like Markowitz. While ordinary vendor services technically allow the Ponzi scheme to continue, the connection between those services and increased creditor liability is indirect and attenuated. For example, while a vendor like FedEx may assist a Ponzi scheme's operations through its shipping services; those services do not inherently increase the scheme's liabilities to its investors/creditors. Contrarily, investor referrals directly create increased creditor liabilities and lead to the scheme's eventual insolvency.

Accordingly, I would hold that Markowitz's referral fees are voidable under the CUVTA, because referral services—as a matter of law—do not provide value to a Ponzi scheme's investors/creditors.