**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



BENJAMIN R. SCHWARZ, in his
individual and class representative
capacities,

   Plaintiff-Appellant,

 v.

ERWIN MEINBERG; et al.,

   Defendants-Appellees.

No. 17-55298

D.C. No.
2:13-cv-00356-BRO-PLA

MEMORANDUM*

BENJAMIN R. SCHWARZ, in his
individual and class representative
capacities,

   Plaintiff-Appellant,

 v.

ERWIN MEINBERG; et al.,

   Defendants-Appellees.

No. 17-56216

D.C. No.
2:17-cv-00330-BRO-PLA

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding
Submitted February 11, 2019**
Pasadena, California

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: D.W. NELSON, CALLAHAN, and OWENS, Circuit Judges.

Plaintiff-Appellant Benjamin Schwarz challenges, in two appeals, the district court's dismissal of his claims alleging violations of the Fifth and Eighth Amendments by Bureau of Prisons (BOP) officials related to his incarceration at the Los Angeles Metropolitan Detention Center (MDC). Both *Schwarz I* and *Schwarz II* involve the same set of facts and claims—that BOP officials subjected Schwarz to unsanitary cell conditions, denied him access to the courts, and ignored his request for placement in a camp facility in violation of his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment and dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Oklevueha Native Am. Church of Hawaii, Inc. v. Lynch*, 828 F.3d 1012, 1015 (9th Cir. 2016); *Carlin v. DairyAmerica, Inc.*, 705 F.3d 856, 866 (9th Cir. 2013).

We decline to extend *Bivens* remedies to Schwarz's claims—unsanitary cell conditions, access to courts, and request for placement in a camp facility—because these claims do not fall within claims authorized by the Supreme Court. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

In *Ziglar v. Abbasi*, the Court cautioned lower courts not to expand *Bivens* remedies outside the three previously recognized *Bivens* claims. 137 S. Ct. 1843, 1854–55, 1857–61 (2017) (*citing Bivens*, 403 U.S. at 396 (recognizing a damages

2

remedy for an unreasonable search and seizure under the Fourth Amendment);

*Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (permitting a damages remedy for gender discrimination under the Fifth Amendment Due Process Clause); *Carlson v. Green*, 446 U.S. 14, 19 (1980) (allowing a damages remedy for an Eighth Amendment violation for failure to provide adequate medical treatment)). While there is some similarity in the constitutional basis of Schwarz's claims with previously recognized *Bivens* claims, Schwarz's claims nevertheless "arise[] in a new *Bivens* context." *Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2017) (*quoting Abbasi*, 137 S. Ct. at 1864). In other words, the claims are "different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Id.*

Schwarz's Eighth Amendment claim regarding unsanitary cell conditions presents a new *Bivens* context because Schwarz does not allege a failure to treat a serious medical condition, which was the issue in *Carlson*. 446 U.S. at 16. Rather, the basis of Schwarz's claim—a nonfunctioning toilet—resembles the conditions of the confinement claim the Supreme Court rejected in *Abbasi*. *See Abbasi*, 137 S. Ct. at 1862.

Schwarz's access to courts claim under the First and Fifth Amendments and his Fifth Amendment claim that the BOP unlawfully denied his request for a camp placement also constitute new *Bivens* contexts. First, the Supreme Court has never recognized a *Bivens* claim under the First Amendment. *See Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). Second, we recently held that both a First

3

Amendment access to courts and a Fifth Amendment procedural due process claims presented new *Bivens* contexts. *See, e.g., Vega*, 881 F.3d at 1153. Third, while *Davis* recognized a Fifth Amendment due process claim for gender discrimination, 442 U.S. at 248–49, Schwarz's due process claim is a new context because it alleges national origin discrimination.

If a proposed claim arises in a new context, courts must conduct a special factors analysis to determine whether to extend a *Bivens* remedy to that claim. *Vega*, 881 F.3d at 1153. However, the Supreme Court makes "clear that a *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Abbasi*, 137 S. Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18). One such "hesitation" is "if there is an alternative remedial structure present" which "alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* at 1858; *see also Wilke v. Robbins*, 551 U.S. 537, 550 (2007) (holding that courts should refrain from providing new remedies when alternative processes exist). Here, Schwarz had alternative processes by which to pursue his claims and remedies. For example, he could have sought a remedy under the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), or through injunctive remedies.

Furthermore, we find that extending *Bivens* remedies to Schwarz's claims against regional and national BOP officials, individuals who lack direct connection

4

to Schwarz's grievances, undermines the purpose of *Bivens* liability—to deter individual government officers, not their supervisors or the agency, from engaging in unconstitutional conduct. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70–71 (2001) (declining to extend *Bivens* liability when it would not advance *Bivens'* purpose). We also find that extending *Bivens* to Schwarz's claims would substantially affect government operations and unduly burden BOP officials who must defend against this suit in their personal capacities.

We reject Schwarz's challenge to the district court's application of a two-year statute of limitations period in *Schwarz II*. The statute of limitations for a *Bivens* claim is equivalent to a personal injury claim in the forum state. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991). Personal injury claims in California have a two-year statute of limitations, which a court may toll for up to two years during a prisoner's incarceration. *See* Cal. Code Civ. P. §§ 335.1, 352.1. We have previously interpreted California law to hold that pendency of a claim in one forum does not toll the statute of limitation for a later claim in the same forum.[1] Schwarz fails, furthermore, to meet California's equitable tolling requirements. *See generally Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999).

Finally, the district court previously dismissed Schwarz's due process claims

---

[1] *See Mitchell v. Snowden*, 700 F. App'x 719, 720 (9th Cir. 2017) (unpublished).

5

with prejudice, rejecting his argument relating to the nonfunctioning grievance system. We affirmed on those grounds.[2] Because we decline to reconsider our prior ruling, Schwarz's due process claims are foreclosed.

**AFFIRMED.**

---

[2] *See Schwarz v. Meinberg*, 637 F. App'x 374 (9th Cir. 2016) (unpublished).